# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 18, 2004

## STATE OF TENNESSEE v. CHRISTOPHER T. COCHRAN

**Direct Appeal from the Criminal Court for Greene County**
**No. 00CR001      James E. Beckner, Judge**

---

**No. E2003-02797-CCA-WR-CO - Filed September 17, 2004**

---

The defendant pled guilty in 2000 to vehicular homicide and the judgment ordered, in addition to setting the sentence at five years and the restitution amount, that he forfeit his driver's license for five years. Following his release from incarceration, he petitioned the trial court to reduce the period of suspension of his license to three years. The trial court granted this petition, and the State appealed, arguing that the court was without authority to alter the license revocation period. Upon our review, we find that the judgment, which was the basis for the defendant's request that the trial court reduce the suspension period to three years and the State's appeal of the court order doing so, had been superseded by an amended judgment entered several days after the first which corrected the listing of the statute for the defendant's conviction offense but omitted setting a period of suspension of his driver's license. Accordingly, we vacate the order of the trial court reducing the suspension period to three years and remand for entry of a second corrected judgment, this one to set a period for the license revocation.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Vacated and Remanded for Entry of Corrected Judgment

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Eric D. Christiansen, Assistant District Attorney General, for the appellant, State of Tennessee.

Roger A. Woolsey, Greeneville, Tennessee, for the appellee, Christopher T. Cochran.

## OPINION

## FACTS

The facts of this matter were set out in the order of this court granting the State's petition for writ of certiorari:

> The petition challenges the order of the trial court granting the defendant's motion to reduce the term of suspension of his driving privileges from five (5) to three (3) years. The state asserts that the trial court had lost jurisdiction to grant the defendant's petition and thus erred as a matter of law in altering a term of the defendant's sentence. The defendant has not filed a response to the state's petition.
>
> Attachments to the petition reflect that on June 2, 2000, the defendant was convicted pursuant to a guilty plea of vehicular homicide. He was sentenced to a term of five years imprisonment, fined $1,000, and ordered to pay restitution. Further, the [original] judgment form stipulated that the defendant's driver's license was suspended "for a period of five years."
>
> In an undated pleading, the defendant, through counsel, petitioned the Tennessee Department of Safety to reinstate his driving privileges. In support of his petition, the defendant noted that with the application of earned sentence credits, he had completed service of his sentence and was released from custody on May 22, 2003. The petition was denied. In an October 16, 2003, letter, the department's general counsel responded that under applicable statutes, the defendant was not eligible to apply for a driver's license until June 2005.
>
> . . . .
>
> On October 27, 2003, the defendant petitioned the Criminal Court for Greene County for an order "reducing his period of suspension and for reinstatement of his driving privileges . . . ." Finding that the defendant had fully served his sentence, paid [all] fines and costs, and had incurred no other criminal charges since his release, the court found that the petition was well-taken. The court ordered that the period of suspension of the defendant's driving privileges in the State of Tennessee be amended from five (5) to three (3) years.

The State's petition for review via writ of certiorari followed, and we entered an order granting the petition on February 2, 2004.

## ANALYSIS

The technical record in this matter contains two judgment forms, the first dated June 2, 2000, which provides, "Driver License suspended for a period of Five Years" in the "Special Conditions" box. It is this judgment which is relied upon by both parties in this appeal. However, the record also contains an amended judgment, entered on June 20, 2000 "for 6-2-00."[1] On this judgment form, there appear to be only two changes from the first judgment: the correct section of Tennessee Code Annotated is listed in the conviction offense box, and, in the "Special Conditions" box are the words "Driver License," with no explanation or amplification. Pursuant to Tennessee Code Annotated section 39-13-213, the driving privileges of any defendant convicted of vehicular homicide must be suspended for at least three and no more than ten years. Tennessee Code Annotated section 55-50-501(a)(1) provides that the driver's license of a defendant convicted of vehicular homicide is to be revoked "for the term of the sentence received by the convicted person. If the person is released on parole prior to the end of the sentence, an operator's license may be reissued on petition of the person's probation and parole officer and upon satisfactory completion of a complete licensing examination, subject to the approval of the commissioner."

Thus, the procedural posture of this case is that the State's appeal is from modification of a judgment that no longer was in effect at the time of the modification. Since, as we have stated, the second judgment inadvertently omitted setting a period of revocation of the defendant's license, one must be set. Accordingly, we remand this matter to the trial court for entry of a corrected judgment which sets the period the defendant's license is to be suspended. The period to be set is within the discretion of the trial court.[2]

ALAN E. GLENN, JUDGE

[1] The handwritten notation appears to read either "for 6-2-00" or "/or 6-2-00."

[2] Both judgments provide that the defendant is to pay $15,239.23 to the victim's estate, this apparently being the cost of the funeral, with this amount to be reduced by insurance payments received by the estate. Presumably, unless and until the defendant has satisfied this obligation, he cannot obtain a driver's license, regardless of whether the period of suspension for the license has run.